IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-10177-WEB |
| | ) | |
| JESUS CHINO-DOVAL, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Now before the court is the defendant, Jesus Chino-Doval, for a supervised release violation hearing.  A review of the record shows that on October 31, 2005, the defendant plead guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b).  The defendant was sentenced to 12 months imprisonment, followed by a two year term of supervised release.  The defendant was deported following the completion of his prison term.  The violation report alleges the defendant violated the terms of supervised release by committing another federal crime, and by reentering the United States unlawfully.  The defendant admitted both violations.  The parties agreed to a sentence of 12 months and one day.  The defendant requested his sentence run concurrent with the sentence he is currently serving out of the District of Arizona.  The Government argued for consecutive sentences.  The court orally ruled on the parties request at the time of sentencing, this order supplements the court's oral ruling.

"If a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively..... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  The defendant completed his term of imprisonment, and was deported on August 25, 2006.  The defendant was found in

the United States on July 26, 2008. The defendant was arrested for the same offense of conviction.

The court shall impose a sentence that is "sufficient but not greater than necessary" to meet the objectives of sentencing. 18 U.S.C. § 3553(a). The court has considered the factors set forth in 18 U.S.C. § 3553, the guideline range, the nature and circumstances of the offense, the defendant's history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant.

After considering the factors enumerated in § 3553, the court finds a sentence of 12 months and one day is an appropriate sentence in this case. The court finds that this sentence should run consecutive to the sentence the defendant is currently serving out of Arizona. The defendant reentered the country after deportation, and he has shown he will not comply with the laws of the United States. The sentence imposed will provide just punishment while affording adequate deterrence to further criminal conduct.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the Defendant's request for concurrent sentences is DENIED.

The Probation Officer in charge of this case shall see that a copy of this order is made available to the Bureau of Prisons.

SO ORDERED this 3rd day of June, 2009.

        s/ Wesley E. Brown
        Wesley E. Brown
        Senior U.S. District Judge